# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL COHEN, *et al.*, | : | Case No. 1:21-cv-601 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| DUANE HUGHES, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING TRANSFER
## TO THE CENTRAL DISTRICT OF CALIFORNIA

This case is before the Court on the parties' stipulation to have the case transferred to the Central District of California. (Doc. 10).

On September 28, 2021, Plaintiffs filed this derivative shareholder case against the nominal Defendant Workhorse Group, Inc. ("Workhorse") and many of its directors. (Doc. 1). Plaintiff-shareholders allege officials for Workhorse made misleading statements regarding Workhorse's position in a competitive bidding process for a contract to provide delivery trucks to the United States Postal Service. (*Id.*). By the time Plaintiffs in this case filed, several other cases against Workhorse, based on the same underlying facts, were underway in the Central District of California.[1] The California

---

[1] See *Farrar v. Workhorse Group*, Case No. 2:21-cv-2072 (C.D.Cal 2021); *Kinney v. Workhorse Group Inc.*, Case No. 2:21-cv-2207 (C.D. Cal 2021); *Caruso v. Hughes et al.*, Case No. 2:21-cv-4202 (C.D. Cal 2021); *Brown v. Hughes*, Case No. 2:21-cv-4412 (C.D. Cal 2021); *Kistenmacher v. Hughes et al.*, Case No. 2:21-cv-4294 (2021 C.D. Cal).

cases have now been consolidated. *See Farrar v. Workhorse Group*, Case No. 2:21-cv-207 (C.D. Cal 2021). Here, the parties jointly request, via stipulation and proposed order, that this Court transfer the present case to the Central District of California, where the related cases are pending. (Doc. 10).

28 U.S.C. §1404 governs transfers of venue in civil cases. Transfers <u>between divisions</u> of a district court may be accomplished "[u]pon motion, consent or <u>stipulation</u> of all parties." 28 U.S.C. 1404 § (b) (emphasis added). On the other hand, "a district court may transfer any civil action to <u>any other district</u> or division where it might have been brought or to any district or division to which all parties have consented" for the "convenience of the parties and witnesses" and "in the interests of justice." 28 U.S.C. §1404(a) (emphasis added).

Thus, reading §1404(a) next to §1404(b), the Court cannot transfer this case to another district based on a stipulation alone. *See Young v. iFinex Inc.,* No. C19-1902JLR, 2020 WL 42248, at *1 (W.D. Wash. Jan. 3, 2020).[2] Instead, the Court must review the potential transfer in terms of its "convenience to the parties and witnesses" and in "the interests of justice," as dictated by 28 U.S.C. §1404(a). Upon review of the record, the Court finds a transfer to the Central District of California is appropriate and accords with convenience to the parties and the interests of justice.

---

[2] It is possible this Court could construe the parties' stipulation as functionally the same as a "forum selection clause," thus foregoing the need to analyze convenience to the parties. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59–60, (2013). Here, this Court will address convenience to the parties/witnesses and the interests of justice.

The transfer would be convenient for the parties and witnesses. The Court rationally infers the parties are not stipulating to litigate in a district where it would be inconvenient for themselves or their witnesses. Additionally, concentrating related litigation in a single district constitutes its own convenience. A single forum will save the parties from having to re-double efforts and comply with multiple sets of local rules. Thus, the Court finds transferring the case would satisfy §1404(a)'s concern with convenience to the parties and their witnesses.

Transferring related cases to a single jurisdiction is also in the "interests of justice." 28 U.S.C. §1404(a). "[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money." *Blake v. Family Dollar Stores, Inc.*, No. 2:07cv361, 2007 U.S. Dist. LEXIS 47051, at *3 (S.D. Ohio June 19, 2007) (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)). It would also create the risk of "inconsistent or overlapping determinations." *See, e.g.*, *In re Litig. Arising from Termination of Ret. Plan for Emp. of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976). In this case, the Plaintiff-shareholders, corporation, and its officers deserve a common resolution if possible.

The parties have also stipulated to the transfer. (Doc. 10). It furthers the interests of justice to give effect to a bargain struck by the parties. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 571 U.S. 49, 63 (2013). Accordingly, the Court finds a transfer to the Central District of California would be in the interests of justice.

While it seems uncontested that Defendants have availed themselves of jurisdiction in the Central District of California,[3] the Court does not need to engage on questions of personal jurisdiction. This is because §1404(a) permits the transfer "to any other district or division where it might have been brought <u>or to any district or division to which all parties have consented</u>."[4] (emphasis added). The stipulation filed by the parties indicates their consent to have the case litigated in the Central District of California. (Doc. 10).

Accordingly, for these reasons, the parties' request, via stipulation (Doc.10), to transfer this case to the Central District of California is, upon good cause shown, **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Central District of California, and the Clerk shall act accordingly.

**IT IS SO ORDERED.**

Date: 11/5/2021

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[3] In the consolidated litigation, Defendants have moved to dismiss the case but have not asserted a lack of jurisdiction as one of the bases. *See Farrar v. Workhorse Group*, Inc. et al, Case No. 2:21-cv-2072, (C.D. Cal 2021) (Doc. 65).

[4] In fact, 28 U.S.C. §1404(a) was amended to provide the "consent" language in 2011, "thereby abrogating prior decisions which required personal jurisdiction over the defendants regardless of whether the parties consented to the transferee forum." *Fesniak v. Equifax Mortg. Servs. LLC*, No. CV 14-3728 (NLH/KMW), 2015 WL 9462087, at *4 (D.N.J. Dec. 28, 2015).